IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KRISTINE CHRISMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CLEVE HATCH; ALISHA GOWAN; RYAN EVERSHED; ANGELINE JACOBS; UINTAH COUNTY SHERIFF'S OFFICERS; VERNAL CITY POLICE DEPARTMENT; and NAPLES POLICE DEPARTMENT,<br><br>    Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:10-CV341-TC |

    In April 2010, *pro se* plaintiff Kristine Chrisman filed a civil rights complaint under 42 U.S.C. § 1983. The court has permitted Ms. Chrisman to proceed *in forma pauperis* (i.e., without payment of fees) under 28 U.S.C. § 1915. (See Docket No. 2.) Under section 1915, the court is obligated to dismiss the case if the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

    The court has screened Ms. Chrisman's civil rights complaint and finds that it does not state a valid cause of action because the Rooker-Feldman doctrine, the Younger abstention doctrine, the Eleventh Amendment immunity doctrine, the quasi-judicial immunity doctrine, and the state action requirement of § 1983 preclude review by this court. Consequently, the court

DENIES Ms. Chrisman's two pending motions[1] and DISMISSES her complaint.

**FACTUAL BACKGROUND[2]**

Plaintiff Kristine Chrisman brings a § 1983 civil rights action against Cleve Hatch (guardian ad litem); Alisha Gowan, Kirk Harris, and Angeline Jacobs (caseworkers for the State of Utah Division of Child and Family Services (DCFS)); Ryan Evershed (acting as an attorney for DCFS at the relevant times[3]); Uintah County Sheriff's officers including "Deputy Issacson"[4]; the Uintah County Sheriff's Office[5]; the Vernal City Police Department; and the Naples City Police Department.

From Ms. Chrisman's somewhat vague allegations, it appears that the actions of all the defendants relate to or were committed during state proceedings concerning the custody of Ms. Chrisman's three minor children. Apparently two of the children were placed in the custody of

---

[1]Ms. Chrisman filed a Motion for Immediate Cease and Desist on Further Action (Docket No. 7) and Motion for Immediate No Harassment Order (Docket No. 8).

[2]The background is taken from the allegations in Ms. Chrisman's complaint. The court, when screening a complaint under § 1915(e)(2), must treat all well-pleaded factual allegations as true and construe the allegations and reasonable inferences to be drawn from those allegations in a light most favorable to the plaintiff. E.g., Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Also, because Ms. Chrisman is *pro se*, the court must construe her pleadings liberally. Id.

[3]Mr. Evershed is now in private practice.

[4]Ms. Chrisman specifically names "Deputy Issacson" (apparently a police officer with the Uintah County Sheriffff's Office) as a defendant in the body of the complaint even though she does not list his name in the caption and does not include his name in her "List of Defendants to be served at this time" (see Docket No. 9).

[5]From Ms. Chrisman's complaint, it is not clear whether she intended to name the entity Uintah County Sheriff's Department as a defendant, but the court, liberally construing Ms. Chrisman's *pro se* complaint, assumes for purpose of analysis here, that she brings her claim against the entity as well as individual officers.

DCFS and have been adopted or are in adoption proceedings which began as a result of a state court's or DCFS's findings of child endangerment. The third child is still in Ms. Chrisman's custody, but apparently DCFS is threatening to remove him from Ms. Chrisman's custody and place him in protective custody as well.

Ms. Chrisman alleges that her constitutional rights were violated when one or more of the Defendants:

- removed two of Ms. Chrisman's children from her home "because of the actions of the father who had been incarcerated in prison for over a year before the removal occurred." (Compl. at 3.)

- violated a state court order allowing Ms. Chrisman to see her children. Mr. Hatch and/or DCFS agents impeded or denied court ordered visits by Ms. Chrisman to see her two children, even though the "court has not terminated the mother's parental rights to the children or ordered that no visits occur." (Compl. at 6.)

- committed perjury, withheld key evidence, and tampered with witnesses. For example, Mr. Hatch and/or DCFS agents withheld evidence in the form of letters of recommendation and progress notes (which were obtained in violation of HIPAA[6] from the Northeastern Counseling Center without notice to or consent of Ms. Chrisman), through perjury (i.e., denial of the existence of the evidence) and witness tampering.

---

[6]HIPAA stands for the federal Health Insurance Portability and Accountability Act. It does not appear that Ms. Chrisman is bringing a cause of action under HIPAA. But even if she is (and assuming one is available to her), the various doctrines discussed here bar a HIPAA claim for the same reasons.

- covered up physical abuse of Ms. Chrisman's two children and did not press charges against the alleged abuser.

- "repeatedly coerced, threatened, and forced testimony from witnesses to the point of giving them their testimony and threatening action against them if they did not say what they were told to say." (Compl. at 2.); and

- trespassed on her property and harassed her and her family in connection with DCFS investigations and enforcement of Utah's child welfare laws.

Ms. Chrisman seeks the following monetary and injunctive relief:

- Immediate return of my children from DCFS custody
- $1,500 per day/per child/of separation . . .
- Immediate reversal of any and all decisions regarding said adoptions of any and all children involved in this case
- A full investigation into the activities of DCFS and its minions in all aspects of this case
- A full investigation into all allegations of abuse that have been covered up or ignored by DCFS or its minions
- An immediate and lasting No Contact/Harassment Order for this family and property against DCFS and its minions

(Compl. at 8.)

## ANALYSIS

**Eleventh Amendment Immunity**

According to the allegations, individual defendants Alisha Gowan, Kirk Harris, Angeline Jacobs, and Ryan Evershed were working at all relevant times as state employees (either as DCFS case agents or, in the case of Mr. Evershed, as an attorney representing DCFS[7] in its

---

[7]Based on Ms. Chrisman's vague allegation that Mr. Evershed was employed as "AG for DCFS," (Compl. at 3), the court assumes Mr. Evershed acted as an attorney with the Office of the Utah Attorney General or some other Utah government agency.

4

prosecution of the custody matter).

The Eleventh Amendment to the United States Constitution, with certain limited exceptions that do not apply here,[8] prohibits a citizen from filing suit for monetary relief in federal court against a state or an "arm" of the state (that is, a state employee in his or her official capacity). See Ruiz v. McDonnell, 299 F.3d 1173, 1180-81 (10th Cir. 2002). To the extent Ms. Chrisman brings claims against the individual defendants in their official capacities and seeks monetary relief, the doctrine of Eleventh Amendment immunity deprives the court of subject matter jurisdiction to adjudicate those claims.

**Quasi-Judicial Immunity**

Ms. Chrisman's claims against Mr. Hatch and Mr. Evershed fail because the doctrine of quasi-judicial immunity bars such claims. Mr. Hatch is entitled to absolute quasi-judicial immunity from suit because all of his actions at issue in Ms. Chrisman's complaint fell within the scope of his duties as guardian ad litem. Bolin v. Chavez, 24 Fed. Appx. 936, 940 (10th Cir. 2001). The same principle applies to Mr. Evershed, who at all relevant times was acting as an advocate for the State of Utah. Arnold v. McClain, 926 F.2d 963, 967 (10th Cir. 1991).

**The *Rooker-Feldman* Doctrine and *Younger* Abstention Doctrine**

Based on a review of Ms. Chrisman's allegations, the court concludes that Ms. Chrisman seeks relief for actions taken in connection with state court proceedings that are either concluded

---

[8]The two exceptions—when Congress abrogates a state's Eleventh Amendment immunity or the state waives its Eleventh Amendment immunity—do not apply here as a matter of law. See, e.g., Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1196 (10th Cir. 1998) (noting that Congress did not abrogate the states' Eleventh Amendment immunity when it enacted § 1983); Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1233 (10th Cir. 1999) (noting that Utah has not waived its Eleventh Amendment immunity by statute).

5

or ongoing (or both).

Under the Rooker-Feldman doctrine,[9] the court lacks jurisdiction to hear an appeal from a judgment issued by a state court, much less to modify or reverse a state court judgment. Anderson v. State of Colorado, 793 F.2d 262, 263-64 (10th Cir. 1986). This legal principle applies even if the plaintiff brings a constitutional claim under 42 U.S.C. § 1983. Id. at 263. According to Ms. Chrisman's prayer for relief, she seeks an order from this court reversing the State of Utah's custody decision concerning her two minor children and an order returning the children to her custody. The Rooker-Feldman doctrine bars the court from providing such relief. And it bars the court from acting on issues and actions inextricably intertwined with the custody decision of the State of Utah. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983); PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1193 (10th Cir. 2010); Bergman v. LaCouture, 218 Fed. Appx. 749 (10th Cir. 2007).

Under the Younger abstention doctrine, the court may not exercise jurisdiction over a case in which there is an ongoing state action, such as the custodial issues surrounding Ms. Chrisman and her minor children. See Younger v. Harris, 401 U.S. 37 (1971). The doctrine applies if (1) there is an ongoing state proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in state court proceeding to raise the constitutional issues brought in federal court. E.g., Northern Nat. Gas Co. v. Trans Pacific Oil Corp., 529 F.3d 1248, 1252 (10th Cir. 2008). The court finds that all three elements apply here. The child custody proceedings of DCFS are ongoing, as demonstrated by Ms. Chrisman's

---

[9] See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

allegations against officials investigating and enforcing the state's interest in and laws governing child welfare. Certainly the State of Utah has an especially strong interest in adoption and child custody proceedings. And Ms. Chrisman has the opportunity to raise the constitutional issues with the state courts on appeal. See Yancy v. Bonner, 323 Fed. Appx. 674, 675-76 (10th Cir. 2009) (applying Younger abstention doctrine to ongoing child custody and adoption proceeding in state court).

Under both doctrines, as applied to Ms. Chrisman's allegations, the court lacks jurisdiction to hear her claims against all of the Defendants.

**State Action Requirement Under § 1983**

Even assuming this court has jurisdiction, Ms. Chrisman does not state a claim against Guardian Ad Litem Cleve Hatch or Officer Issacson. To state a claim under § 1983, Ms. Chrisman must allege that she was deprived of a right granted by the United States Constitution or laws of the United States and that the accused party was acting under color of state law. 42 U.S.C. § 1983; American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

In her Complaint, Ms. Chrisman states that she does not know whether Officer Issacson's actions were taken under color of state law. (Compl. at 4-5.) Accordingly, she fails to plead an essential element of her § 1983 claim against Officer Issacson.

As for Mr. Hatch, Ms. Chrisman alleges that he violated her rights while he acted in his capacity as Guardian Ad Litem. Under Tenth Circuit law, "a guardian ad litem is not acting under color of state law for purposes of § 1983." Meeker v. Kercher, 782 F.2d 153, 155 (10th Cir. 1986) (per curiam) (stating that a guardian ad litem "is a fiduciary who must act in the minor's best interest. In this respect, a guardian ad litem assumes no obligation to the mission of

7

the state, but owes his or her undivided loyalty to the minor, not the state.") (internal quotations and citations omitted). For this additional reason, Ms. Chrisman has not stated a claim against Mr. Hatch upon which relief may be granted; furthermore, any amendment to her complaint would be futile. Accordingly, her § 1983 claim against Mr. Hatch must be dismissed.

**ORDER**

For the foregoing reasons, the court DISMISSES Ms. Chrisman's complaint in its entirety and DENIES her Motion for Immediate Cease and Desist on Further Action (Docket No. 7) and Motion for Immediate No Harassment Order (Docket No. 8) AS MOOT. The Clerk of the Court is hereby directed to close this case.

DATED this 16th day of July, 2010.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
Chief Judge